SAMUEL S. BOYLES *et al.* Executors, etc.

*v.*

HANNAH A. MCMURPHY.

1. WIDOW—*of her rights upon renunciation of will of her husband—construction of sections* 10 *and* 11 *of dower act.* Upon the renunciation by a widow of the will of her husband, under the tenth and eleventh sections of the statute of dower, she becomes entitled not only to her share in the personal property, but also to dower in the lands of which her husband died seized.*

---

*As to what constitutes "her share in the personal estate of her husband," where the widow renounces the will under the tenth section of the dower act, see *McMurphy* v. *Boyles et al. Exrs. etc.* 49 Ill. 110, and *Skinner et al. Exrs etc.* v. *Newberry,* 51 Ill. 203.

2. The eleventh section of that statute, which declares the effect of the renunciation of the will to be, that "such widow shall thereupon be entitled to dower in the lands *or* share in the personal estate of the husband," is not to be construed as confining the widow to a right to dower in the lands or her share in the personalty, the one or the other, the tenth section having provided that she may elect to "take her dower in the lands, *and* her share in the personal estate of her husband."

3. SAME—*of her rights under the fifteenth section.* Where a widow renounces the will of her husband under the tenth and eleventh sections of the dower act, she may then, under the fifteenth section, if there be no children or lineal descendants, "if she elect, have, in lieu of her dower in the estate of which her husband died seized," one-half of all the real estate in fee, which shall remain after the payment of debts, and still be entitled to "her share" in the personalty; the one-half of the real estate being given in lieu of dower alone, and the legal meaning of the word "dower," is an interest in land alone, and is so used in that statute.

4. SAME—*construction of act of* 1847. The statute of 1847, which declares, "the word dower, as used in the forty-sixth section of the one hundred and ninth chapter of the Revised Statutes, entitled 'Wills,' shall be construed to include a saving to the widow of persons dying intestate, of one-third of the personal estate forever, after the payment of debts," only enlarges the meaning of the word "dower," so as to embrace an interest in personal estate, as used in that particular section. It does not affect the ordinary legal meaning of the word used elsewhere.

WRIT OF ERROR to the Superior Court of Chicago.

The opinion states the case.

Messrs. FULLER & SMITH, for the plaintiffs in error.

Messrs. BRACKETT & WAITE, for the defendant in error.

Mr. JUSTICE SHELDON delivered the opinion of the Court:

Hiram C. Murphy died, testate, on the thirteenth day of October, 1867, leaving a widow, the defendant in error, but no children, or descendants of children. He left a considerable real and personal estate, and provided in his will, that the rents and income of one-half of it should be paid to his

238                    BOYLES *et al. v.* McMurphy.          [Sept. T.,

Opinion of the Court.

wife during her life, and at her death, his whole estate to go to various named persons; the devise to the wife was declared to be in lieu of all claim to dower. His wife duly renounced the will, and claimed the entire personal estate. Her claim was passed upon by this court, in *McMurphy* v. *Boyles et al.* 49 Ill. 110, where it was held, that she was entitled to one-third part of the personalty remaining after the payment of debts; that that was the quantity of her interest denoted by the words, " her share in the personalty of her husband," in the tenth section of the dower act.

She has received most of her one-third of the personalty in cash. This was a petition filed by her for dower in the real estate, which, having been adjudged to her, this writ of error is prosecuted to determine whether she is so dowable or not.

The position taken by the counsel for the plaintiffs in error is, that by electing to take and receive such share in the personalty, the widow is thereby cut off from her dower in the lands; that the eleventh section of the thirty-fourth chapter of the Revised Statutes, prescribes the form of renunciation of the will as an election to take dower, or the legal share of the husband's estate, and the effect of the renunciation is stated to be, that " such widow shall thereupon be entitled to dower in the lands *or* share in the personal estate of the husband;" that it follows, therefore, that a widow, under the circumstances here existing can not have both dower and her share of personalty; she can have the provision made for her by the will, or dower, or share of personalty, any one, but not any two of these.

Dower is a favorite of the common law. It is not to be abridged by words of doubtful import, but only where the intention of the legislature to do so, is clearly manifested in unmistakable language. The construction here set up, of the language of this section, is one which sticks in the bark of the letter. The section is to be construed in connection with the next preceding one, the tenth, which is as follows : "Every devise of lands, or any estate therein, by will, shall bar her dower in lands, or

of her share in personal estate, unless otherwise expressed in the will; but she may elect whether she will take such devise or bequest, or whether she will renounce the benefit of such devise or bequest, and take her dower in the lands, and her share in the personal estate of her husband."

The effect of the renunciation of the will, and the widow's right thereupon, are declared in the tenth section, to-wit: to "take her dower in the lands, *and* her share in the personal estate of her husband." The purpose of the eleventh section was, to prescribe the time within which the election should be made, and the form of the renunciation, and in repeating, at its close, the effect of the renunciation so made, it could not have been intended to take away anything from the widow's right, as declared in the immediately preceding section, and the mere substitution of the word "or," instead of "and," should not be adjudged to have that effect.

In the case above cited, the court say, in the revision of 1845, this provision was transferred from the statute of wills, of 1829, to that of dower, and the thirty-ninth and fortieth sections of that statute of wills became, in substance, the tenth and eleventh sections of our present statute of dower. At the close of section 40 of the former statute, the effect of the renunciation, and the right of the widow, is specifically declared to be, "such widow shall thereupon be entitled to the one-third part of the real estate of her said deceased husband for life, *and* one-third part of the personal estate forever."

Without stopping to define the precise significance of the disjunctive conjunction, "or," as used in this provision of the statute, we are well satisfied, that a true construction does not give to it the alternative sense contended for by plaintiffs' counsel, of an option to the widow to take only the one or the other, dower, or share in the personal estate, but that she may not take both together.

We think she is entitled to both, in this case, and that the court below rightfully adjudged to her dower.

Another question has been discussed to some extent by the counsel on both sides, upon which, though not necessarily involved in the decision of this case, both parties seem to desire the court should express an opinion, as it might save further litigation between the parties, and it is this—whether, in case the defendant in error be held entitled to dower, she can, under section 15 of the dower act, make her election and have one-half of the real estate which shall remain after the payment of debts, in lieu of her dower in the estate of which her husband died seized, and then hold both such one-half of the real estate and her share in the personalty.

We have no hesitation in saying, that she may so elect, and have such one-half of the real estate under said fifteenth section, and then hold the same, together with her share in the personal estate. The one-half of the real estate is given in lieu of dower, alone, and that, in legal meaning, is an interest in land alone, and is so used in this section ; and the election and taking one-half of the realty under this section, in no wise affects the holding of the share in the personalty. This precise question was so determined by this court in the case of *White et al.* v. *Dance*, 53 Ill. 413.

The statute of 1847, which declares, "the word ' dower,' as used in the forty-sixth section of the one hundred and ninth chapter of the Revised Statutes, entitled 'Wills,' shall be construed to include a saving to the widows of persons dying intestate, of one-third of the personal estate forever, after the payment of debts," only enlarges the meaning of the word "dower," so as to embrace an interest in personal estate, as used in that particular section. It does not affect the ordinary legal meaning of the word used elsewhere.

The judgment of the court below must be affirmed.

*Judgment affirmed.*