GOTTLIEB KANNE *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

June 4, 1883.

**Condemnation—Deposit of Amount of Award, with Condition Imposed.**—A deposit of the amount of an award of damages for land taken under the law of eminent domain, where a deposit is authorized to be made for the use of the land-owner, is unavailing if a condition is imposed respecting the payment of the money deposited to the owner. It is immaterial whether or not the agent making the deposit was authorized to impose the condition.

**Evidence.**—Admissibility of evidence considered.

Appeal by defendant from an order of the district court for Waseca county, *Buckham,* J., presiding, refusing a new trial.

*Collester Bros.,* for appellant.

*Lewis & Leslie,* for respondent.

DICKINSON, J. Action, under the statute, by a land-owner, across whose land the defendant had constructed its line of road, to recover the land, with damages for withholding the same, and for the rents and profits. The defendant alleged a prior condemnation of the land under its charter, which authorized the amount of the award of damages to be deposited in court for the use of the land-owner. The award made in the condemnation proceedings was not paid to the plaintiff, but, by one Smith, in behalf of the defendant, deposited with the clerk of the district court, with instructions to pay the same to the plaintiff *when he should execute a deed to the defendant.*

The deposit, with the condition respecting payment, was unavailing. It is immaterial whether or not Smith was authorized by the defendant to impose the condition as to payment. The defendant acquired no right to the property unless by payment, or by an unconditional deposit of the award for the use of the plaintiff. Such a deposit was not made, and it will not avail the defendant that it authorized an agent to make it, but that he failed to do so, either by not depositing the money at all, or by accompanying the deposit with conditions respecting its payment to the plaintiff.

The Atwater letter was not admissible for the purpose for which it was offered. It was not competent to disprove, by the mere declarations of a third person, that which a witness had testified to as a fact upon the trial.

The plaintiff, as a witness in his own behalf, was asked in effect to state in what way he had been damaged by the occupancy of the defendant. The general question objected to was in complex form, including several interrogatories, but the objection was not made on that ground, nor to any one of the several questions which the witness was called to answer. If any one of them was properly put, a general objection to the whole would not avail. *Day* v. *Roth,* 18 N. Y. 448. There was no error in the question as above indicated, and it is doubtful whether the whole interrogatory meant more than this. But, more than that, the answer of the witness could not have prejudiced the defendant.

Order affirmed.