MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY *vs.* GOTTLIEB KANNE.

June 9, 1884.

**Eminent Domain—Order appointing Com'rs—Insufficient Designation of Place, and Failure of Notice, of First meeting.**—The charter of the railroad company (Sp. Laws 1870, *c.* 57,) provides that, upon petition of the company, the court may make an order appointing commissioners to ascertain and determine the damages or compensation to be made to the owners or others interested in land proposed to be taken for the purposes of the railroad, *and shall fix a time and place at which the commissioners shall meet to organize and hold their first meeting; and that notice of such meeting shall be entered in the minutes of said court, and the same shall operate as notice to all parties.* The order in this case was that said commissioners shall meet to organize and hold their first meeting *in the village of Waseca,* (a populous village embracing two square miles of territory.) *Held,* that this was not fixing a *place* of meeting, within the meaning of the act. No notice of the meeting was ever entered in the minutes of the court. *Held,* that on account of these two omissions, the award of the commissioners was invalid as to a landowner who had no actual notice of the time and place of meeting, and who had never voluntarily appeared before the commission. The court, therefore, properly denied a motion for judgment on the filing of the report.

After the decision in *Kanne* v. *Minn. & St. Louis Ry. Co.,* 30 Minn. 423, the railway company, on September 3, 1883, moved, in the district court for Waseca county, for judgment condemning to its use the land of Kanne involved in that suit, pursuant to an award of commissioners filed June 18, 1877. The motion was denied by *Buckham,* J., and the company appealed.

*J. D. Springer* and *Collester Bros.,* for appellant.

*Lewis & Leslie,* for respondent.

MITCHELL, J.[1] These proceedings were had under chapter 57 of Special Laws of 1870, entitled "An act to amend an act entitled 'An act to incorporate the Minnesota Western Railroad Company,' approved March 3, 1853, and the acts amendatory thereof." After the

[1] Dickinson, J., because of illness, took no part in this decision.

report of the commissioners had been filed, the company moved for judgment thereon, in pursuance of the provisions of section 4 of the act. The motion having been denied, the company appeals. This act provides that, upon the petition of the company and notice to the land-owners, the court may make an "order appointing three commissioners to ascertain and determine the damages or compensation to be made to the owners or others interested in said lands, *and fix a time and appoint a place* at which said commissioners shall meet to organize and hold their first meeting; *that notice of such meeting shall be entered upon the minutes of said court, and the same shall operate as notice to all parties.*"

The filing of the petition, and the service of notice of the time and place where such petition will be heard, bring the parties into court, and give the court jurisdiction to make the order. But in order that the land-owner may have an opportunity of appearing and maintaining his rights before the commissioners, the law provides that the court shall fix the time and place of meeting, and that notice thereof shall be given to the parties interested. The notice provided for is by entry in the minutes of the court. Hence, all parties who have been brought into court by notice of the petition are bound to examine the minutes of the court, in order to ascertain the time and place fixed for the meeting of the commissioners, and they have a right to expect that these minutes will give them this information. As it is proposed to take their property *in invitum*, it is essential that they have whatever notice the statute requires of the time and place when the commission will meet, which is to assess the amount of their damages. *Lohman* v. *St. Paul, S. & T. F. R. Co.*, 18 Minn. 157, (174.) The order in this case is "that said commissioners shall meet to organize and hold their first meeting *at the village of Waseca, county of Waseca, Minnesota,* on the 14th day of June, 1877, at 2 o'clock P. M." This order failed to fix a place of meeting within the meaning of the law. Waseca was a populous village or city, embracing two square miles of territory. No notice of the meeting was ever entered on the minutes of the court, nor was the order itself ever recorded or entered in any record-book. For these reasons,—(1) that no place of meeting was fixed by the court, and (2) that the statutory notice of the meet-

ing was never given to Kanne,—we think, the award of the commissioners was, as to him, invalid, and therefore the court properly denied the motion for judgment.

It is urged that Kanne had *actual* notice of the time and place of meeting, and waived any irregularities in the proceedings by a voluntary appearance. All that the record discloses is that the commissioners, without previous notice, came out upon his land on the 15th of June and remained there about 20 minutes, at which time Kanne saw them and was informed by a third party who they were, but that they neither called on him nor gave him an opportunity to present his claim for damages or to produce his evidence, or informed him when or where they would meet for any such purpose. Such a casual meeting and seeing them under these circumstances as they passed over his farm, cannot by any possibility be tortured into a voluntary appearance in the proceedings, or into actual notice of the time and place of meeting.

The distinction between the facts in this case and those in *Rheiner* v. *Union Depot, etc., Co.,* 31 Minn. 289, is very marked.

These views render it unnecessary to consider other points discussed by counsel.

Order affirmed.