GOTTLIEB KANNE *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

### June 5, 1885.

**Eminent Domain—Proceedings Void for Want of Notice—Collateral Attack.**—In proceedings to condemn land under Sp. Laws 1870, *c.* 57, the assessment of damages by the commissioners being void for want of notice of the time and place of their meeting, the land-owner is not bound to move to set aside the award, but may attack it collaterally in any action in which rights are claimed under it.

**Same—License to Enter Land—Waiver of Defects in Condemnation Proceedings.**—A mere license on the part of the land-owner to the railroad company to enter the land would constitute no waiver of the objections to the validity of the award. Neither would it constitute such waiver that the land-owner moved to set aside the award upon the united grounds of the want of such notice and of misconduct and irregularities on part of the commissioners, and that the award had not been paid.

**Same—Res Adjudicata—Decision of Motion.**—The decision of a motion or summary application (at least where it is not appealable) is not *res adjudicata,* so as to prevent the parties from drawing the same matters in question again in another action.

**Statute—"Or" construed to mean "And."**—The word "or" may be construed as a conjunctive where the sense of the statute plainly requires it.

Plaintiff brought this action in the district court for Waseca county, to recover possession of certain real estate together with damages for withholding the same. The defendant denied plaintiff's title, and set up the condemnation proceedings which were considered by this court in *Minn. & St. L. Ry. Co.* v. *Kanne,* 32 Minn. 174, together with certain proceedings had in that case and certain acts of plaintiff (which are stated in the opinion) claimed by defendant to constitute a waiver of defects in the condemnation proceedings. The action was tried before *Buckham,* J., who directed a verdict for plaintiff. Judgment was entered accordingly, from which the defendant appeals.

*J. D. Springer,* for appellant.

*Lewis & Leslie,* for respondent.

MITCHELL, J. It must be taken as the law of this case that the

award of the commissioners was void for want of notice to plaintiff of the time and place of their meeting to assess his damages. *Minn. & St. Louis Ry. Co.* v. *Kanne*, 32 Minn. 174. Of course, tender of the amount would be unavailing, because the plaintiff would not be bound to receive it. If the award was void, it also follows that the plaintiff was not required to move to set it aside, but might attack it collaterally in any action in which rights were claimed under it. Therefore, really the only question in the case is whether the plaintiff has, by his subsequent acts, waived the objections to the validity of the award, or has estopped himself from now raising them.

All that the evidence tends to show is that, when the defendant entered upon the land and built its road, he made no remonstrance or objection, and did not until the commencement of this action. Mere silence in the presence of a trespass waives nothing and consents to nothing. *Leber* v. *Minn. & N. W. Ry. Co.*, 29 Minn. 256. But even if the conduct of plaintiff might be construed as giving a license to enter the land, this would constitute no waiver of objections to the validity of the award. Such license might be granted with the expectation that defendant would settle with him for his compensation, or take steps to have it ascertained according to statute. The fact of plaintiff's demanding payment of the award, (which, in legal effect, was refused by defendant, *Kanne* v. *Minn. & St. L. Ry. Co.*, 30 Minn. 423,) constituted no such waiver. This act merely indicated his willingness to waive any objections to the award if he could then receive payment of the amount.

Subsequently to the commencement of this action, plaintiff made a motion to set aside the award upon the grounds, among others, that no notice of the meeting of the commissioners was ever given him; that the commissioners were guilty of irregularities and misconduct; and also that the award had not been paid within six months. This motion the court denied, and at the same time denied a counter-motion by defendant for judgment on the award. From the order denying plaintiff's motion no appeal was taken.

Defendant now contends that by thus uniting, as grounds of his motion, other matters with those that were jurisdictional, he appeared generally, and thereby waived all objections to jurisdiction, within

the doctrine of *Curtis* v. *Jackson*, 23 Minn. 268. While there is no doubt of the correctness of the proposition laid down in the case cited, that if a party does not limit his appearance to jurisdictional questions, but also calls into action the powers of the court for other purposes, it is a general appearance, and he thereby submits to the jurisdiction of the court thereafter, yet it may admit of doubt whether the proposition was not misapplied in making such appearance relate back in point of time so as to validate a void judgment previously rendered. But the want of this notice of the meeting of the commissioners goes, not to the jurisdiction of the person of the land-owner, but to the authority of the commissioners to act. This notice has respect to the compensation of the land-owner, and the object of it is to give him an opportunity to be heard on that question. Without it, the commissioners have no authority to make an assessment of his compensation or damages.

The defendant further contends that the order denying the motion to set aside the award renders the question of its validity *res adjudicata.* But the decision of a motion or summary application is not to be regarded in the light of *res adjudicata,* or as so far conclusive upon the parties as to prevent their drawing the same matters in question again in the more regular form of an action. The reasons for this rule are well stated in *Simson* v. *Hart,* 14 John. 63, 75. See Freeman on Judgments, §§ 325, 326. Whether this rule is at all modified or changed in cases where an appeal from the decision of the motion is allowed by statute, we need not now inquire, for the reason that an order merely refusing to set aside this award was not appealable.

Assuming that the premises were entered and taken with the acquiescence of plaintiff, still his right of action to recover them and for damages was complete under the provisions of Gen. St. 1878, *c.* 34, § 33.

The plaintiff was entitled to compensation. He had not received it. The railroad had been constructed across his land more than a year, and "no proceedings under the law have been instituted, *or* are pending, to ascertain and assess such compensation." Proceedings were instituted, but are no longer pending. The sense of the statute

requires that the word "or," above italicized, be construed in a conjunctive sense, in accordance with a familiar rule of statutory construction. *State* v. *Brandt*, 41 Iowa, 593, 615; *Boyles* v. *McMurphy*, 55 Ill. 236; *Weston* v. *Loyhed*, 30 Minn. 221. It could not have been meant, if proceedings had been once instituted and then abandoned or dismissed, or for any reason terminated without effecting a valid condemnation of the property, that the case would thereby be taken out of the statute.

There was no error in excluding the evidence offered by the defendant with respect to the consolidation of the bonds, franchises, and indebtedness of defendant and other corporations. It had no tendency whatever to establish any equitable estoppel against plaintiff. The "consolidation" had and could acquire no other or greater rights in these premises than were previously possessed by defendant.

Judgment affirmed.