Cairo Lumber Company, Inc., Appellant, v. Charles
M. Corwin and Maeva Smith, Appellees.

Heard in this court at the
February term, 1945.  Opinion filed March 5, 1945.  Released
for publication April 5, 1945.

FRANCIS R. WILEY, of Decatur, for appellant.

ASA J. WILBOURN, of Cairo, for certain appellee.

DOROTHY WILBOURN, of Cairo, for certain other appellee.

MR. JUSTICE STONE delivered the opinion of the court.

This is an action in equity brought by Cairo Lumber Company, a corporation, plaintiff appellant, who will be referred to hereinafter as plaintiff, against Charles C. Corwin and Maeva Smith, defendants appellees, who will be referred to hereinafter as defendants, to set aside conveyances of certain lots in Cairo, Illinois made by Charles M. Corwin to Maeva Smith on January 7, 1941, as being fraudulent and void and made with the intent to hinder and delay plaintiff in the collection of a certain judgment against one Kate Ladenberger.

Plaintiff filed its complaint in the circuit court of Alexander county on May 14, 1943. Answers were filed denying that the conveyances were fraudulently made; and on a hearing the court dismissed plaintiff's bill for want of equity. All proof offered was documentary, with the exception of certain stipulations.

It appears that on February 1, 1932, Kate Ladenberger, mother of defendant, Charles M. Corwin, being indebted to plaintiff in this suit, gave to it, her promissory note in the sum of $237.50, due May 1, 1932 and on September 1, 1932, she gave it another note in the sum of $797.41 due September 1, 1933. It appears that nothing was ever paid on either of these notes. At the time she executed the notes she owned 42½ lots in the city of Cairo. During 1933 and 1934, she conveyed all of them to her son Charles M. Corwin.

On September 1, 1939, plaintiff took judgment against Kate Ladenberger on the two notes in the

county court of Alexander county in the sum of $1,551.99 and costs of suit. Execution was thereafter issued and returned unsatisfied.

On October 11, 1939, plaintiff filed its complaint in the circuit court of Alexander county, Illinois, against Kate Ladenberger and Charles M. Corwin, asking to have the above transfer of lots from Kate Ladenberger to the son, Charles Corwin, set aside, as being made without any consideration and with the fraudulent intent to hinder and delay plaintiff in the collection of its judgment against her, and on a hearing the court dismissed plaintiff's bill for want of equity. Plaintiff perfected its appeal to the Supreme Court, but without obtaining supersedeas, and the Supreme Court transferred the cause to this court, and on November 1, 1941, the Appellate Court reversed the trial court and held the conveyances were fraudulently made by Kate Ladenberger. (*Cairo Lumber Co., Inc. v. Kate Ladenberger and Charles M. Corwin,* 313 Ill. App. 1). In conformance with the mandate of the Appellate Court a decree was entered finding the conveyance by Kate Ladenberger to Charles Corwin was fraudulent and void. The conveyances to defendant Maeva Smith, which are involved in the instant suit, and which included some of the same property were made while the case against Kate Ladenberger and Charles M. Corwin was pending on review in this court.

Two alleged errors are relied upon for reversal; the refusal by the trial court to hold null and void the conveyances made by Corwin to Maeva Smith and the refusal of the court to grant plaintiff's motion for continuance.

It is contended by plaintiff that under par, 53 of the Chancery Act and the doctrine of *lis pendens,* the conveyances made while the appeal was pending of property to which the reviewing court held he had no title *ab initio* are null and void. Paragraph 53 of the

Chancery Act, ch. 22, Ill. Rev. Stat., 1943 [Jones Ill. Stats. Ann. 106.18], provides: "That every suit in equity, proceeding to sell real estate of decedent to pay debts or other suit in the nature of suits in equity, affecting or involving real property shall, from the time of the filing of the complaint or petition, be constructive notice to every person subsequently acquiring an interest in or a lien on the property affected thereby, and every such person and every person acquiring an interest or lien as aforesaid, not in possession of said property and whose interest or lien is not shown of record at the time of filing such complaint or petition, shall, for the purposes of this Act, be deemed a subsequent purchaser and shall be bound by the proceedings to the same extent and in the same manner as if he were a party thereto. . . ."

It is the contention of counsel for defendants, that the facts presented by the instant case give rise to the exact situation which section 76 of the Civil Practice Act was intended to cover. Section 76 [par. 200], ch. 110, Ill. Rev. Stats. 1943 [Jones Ill. Stats. Ann. 104.076], provides as follows: "Where an appeal is perfected or allowed . . . the reversal or modification of such order, decree, judgment or other determination shall not affect the right, title or interest in or to any real or personal property of any party, not a party to such action, acquired after the entry of such order, decree, judgment or other determination, but before such appeal operates as a supersedeas under the provisions of this Act."

While it is true that section 94 of the Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 218; Jones Ill. Stats. Ann. 104.094] enumerates certain acts repealed, and paragraph 53 relied upon by plaintiff was not therein included, the Act further provides that, "All other Acts and parts of Acts inconsistent with this Act are hereby repealed." As a result, insofar as the two acts in question are inconsistent, par. 53 of the

Chancery Act is repealed and the general doctrine of
*lis pendens* does not apply because of the specific ap-
plication of section 76 of the Practice Act.

It has always been the policy of the law in this
country to provide for free alienation of land, and the
legislature, evidently pursuant to that policy and to
protect the interest of those not involved in the liti-
gation, enacted the above section of the Practice Act.
In the recent case of *Ancateau v. Commercial Casualty
Ins. Co. of Chicago*, 318 Ill. App. 553, the court said,
"These provisions, (Section 76) are manifestly for
the protection of persons not parties to the suit, where
no supersedeas has been issued. It is evident that
when a judgment is in process of appeal it is not final,
even though third persons, not parties to the action,
are protected thereby in rights they may acquire un-
der it in the absence of a supersedeas. The protection
is afforded such third persons only because of the fact
that the judgment is not final for if it were final, there
would be no occasion for the protection. It is not
conceivable that the legislature meant to protect third
parties in rights acquired while no supersedeas was in
operation, and at the same time subject them to an
assault upon their existing rights during the same
period."

When the plaintiff in the case at bar brought
its original suit against Ladenberger and Corwin one
of defendants in the instant suit, the trial court dis-
missed it for want of equity. Corwin later conveyed
part of the property to Maeva Smith, codefendant in
the present suit, which conveyances were made prior
to the reversal of the lower court's order. The appeal
was not made a supersedeas. We are of the opinion
that under those conditions the trial court was correct
in dismissing plaintiff's suit against defendants as
under section 76, defendant Smith's title to the prop-
erty was unaffected by the reversal of the trial court's
order.

Counsel for plaintiff maintain that section 76 applies only to a judicial sale and not to a private sale of property. We are not inclined to so hold, because section 76 makes a separate provision to apply to title acquired through judicial sale. The sentence directly following the provision above quoted in this opinion reads as follows, ''Nor shall any such reversal or modification affect any right of any person not a party to such action under or by virtue of any certificate of sale issued before such appeal operates as a supersedeas, pursuant to a sale based on such order, decree, judgment or other determination.''

On May 9, 1944, when the case was called for trial plaintiff's attorney made a motion for continuance, on the ground that he wanted to call defendant Maeva Smith for cross-examination under section 60 of the Civil Practice Act [Ill. Rev. Stat. 1943, ch. 110, par. 184; Jones Ill. Stats. Ann. 104.060]. The refusal of the trial court to allow the motion for continuance is assigned as error. The motion contained no statement that affiant had any expectation of procuring the testimony of the witness in the future, in the event of continuance being granted. Supreme Court Rule 14 (ch. 110, par. 259.14, Ill. Rev. Stat. 1943 [Jones Ill. Stats. Ann. 105.14]) fixes the requirements for an affidavit supporting a motion for continuance and, among other things, affiant must show therein, ''. . . that if further time is given such evidence can be procured.'' The law requires the affidavit to set forth the facts on which the expectation is based that the witness will be present or that his attendance will be procured. *People v. Gasner,* 152 Ill. App. 54; *Dacey v. People,* 116 Ill. 555; *Wilhelm v. People,* 72 Ill. 468. It would be erroneous to grant a continuance unless there was a reasonable prospect of obtaining the desired evidence at some future time. *Richardson v. People,* 31 Ill. 170.

Plaintiff contends however, that because of the fact that section 60 of the Practice Act provides that on the trial of any case, any party may be examined, as if under cross-examination, at the instance of the adverse party, that a different rule obtains than in the case of a witness attempted to be produced, but not under section 60. We see no difference in principle. Section 60 provides that the party may be examined, ". . . and for that purpose may be compelled in the same manner . . . to testify." Section 62 of the same Act [Ill. Rev. Stat. 1943, ch. 110, par. 186; Jones Ill. Stats. Ann. 104.062] provides for the issuing of subpoenaes for any such witness. Any different rule might result in indefinite delays. The object of granting a continuance is that justice may be done by permitting a party to procure the testimony of a witness, and unless the witness could be produced at the time to which the cause was continued, the continuance would result in delay in the administration of the law and subserve no good end. *Dacey v. People, supra.* Granting of a motion for a continuance based upon the absence of a witness is a matter left to the discretion of the trial judge, whose action will not be set aside unless there has been an abuse of judgment. *Summers v. Hendricks,* 300 Ill. App. 498. We do not believe that the court abused its discretion in denying the continuance.

We find no reversible error in the record and the judgment of the trial court will ·be affirmed.

*Affirmed.*