Ray M. Sanders and Sue N. Sanders, Appellees, v. Jesse L. Strauss et al., Appellants.

Gen. No. 10,158.

316

Opinion filed September 26, 1947. Released for publication October 29, 1947.

Sidney N. Ware, of Elmhurst, and Julius C. Greenbaum, of Chicago, for appellants.

Perry & Elliott, of Wheaton, for appellees.

Mr. Justice Dove delivered the opinion of the court.

Ray M. Sanders and Sue N. Sanders filed their complaint in the circuit court of DuPage county alleging that on or about July 22, 1943, they entered into a contract with Cornelius Smyth and Jane Smyth for the purchase of certain described premises; that they paid $500 upon the purchase price that day and went into possession and have been in continuous possession thereof since that time and that the balance of the purchase price was payable in yearly instalments.

The complaint further alleged that on August 4, 1943, there was pending in the circuit court of DuPage county a cause entitled *Jesse L. Strauss v. Cornelius Smyth and Jane Smyth* and upon the filing of an affidavit by the plaintiff an attachment writ issued directing the sheriff of that county to attach the premises described in the Sanders-Smyth contract and to summon Ray M. Sanders and Harold I. Buckman as garnishees; that the writ was executed that day by the sheriff, he having served the garnishees and levied the attachment upon all the right, title and interest of Cornelius Smyth and Jane Smyth in said real estate; that thereafter and on May 25, 1944, the circuit court rendered judgment against the plaintiff ordering that the plaintiff take nothing from the defendants and that defendants go hence without day and dismissing the garnishees; that an appeal was taken by Jesse L. Strauss to this court on November 17, 1944, and notice thereof duly served upon the attorneys for the defendants the same day; that this court in the case of *Strauss v. Smyth*, 326 Ill. App. 687, reversed the judgment of the circuit court of May 25, 1944, and remanded the cause to the circuit court; that upon the

mandate of this court being filed in the circuit court of DuPage county that court entered judgment in favor of the plaintiff and against Cornelius Smyth and Jane Smyth for $2,500 and ordered a special execution to issue against the real estate described in the Sanders-Smyth contract; that the special execution was duly issued on April 15, 1946, and levied on said property and the sale thereof was advertised for July 25, 1946; that upon the appeal to this court from the judgment rendered on May 25, 1944, no bond for a supersedeas was ever filed and no writ of supersedeas ever granted and no notice of appeal was ever served upon the plaintiffs in this proceeding, Ray M. Sanders and Sue N. Sanders.

The complaint further alleged that on December 1, 1944, Cornelius Smyth and Jane Smyth executed and delivered to these plaintiffs, Ray M. Sanders and Sue N. Sanders, their general warranty deed to the premises described in the Sanders-Smyth contract in pursuance to the provisions of said contract, all payments required of them by said contract having been made; that the premises are improved with a dwelling occupied by plaintiffs and constitutes their home; that Cornelius Smyth and Jane Smyth had no right, title or interest therein between July 25, 1943, and December 1, 1944, which was liable to attachment or sale upon execution and that plaintiffs were not parties in the original case of *Strauss v. Smyth*.

The complaint then charges that Jesse L. Strauss has unlawfully ordered the defendant, John H. Horstman, as sheriff of DuPage county to sell the interest of Cornelius and Jane Smyth in said property and prays that the special execution be declared void and that the sheriff and Jesse L. Strauss be restrained from proceeding to sell said property pursuant to said special execution. To this complaint the defendants filed their motion to strike which was heard and denied. The defendants elected to abide their motion

to strike and upon a hearing the chancellor granted the relief sought and entered a decree holding the special execution void and a cloud upon the title of the plaintiffs to the premises and vacated the same. To reverse this decree the defendants appeal.

Counsel for appellants insist that the attachment became a lien upon the real estate involved herein on August 4, 1943, the date of the levy and that such lien continued and the real estate levied upon remained in the custody of the court up to and at the time of the rendition of the judgment in April 1946, for the plaintiff and against the defendants for $2,500; that the original action was not terminated by the judgment of the circuit court in favor of the defendants on May 25, 1944, but the notice of appeal filed November 17, 1944, operated as a continuation of the proceedings in the trial court until final judgment was rendered, that the fact that appellee, Ray M. Sanders was summoned as garnishee and on May 25, 1944, dismissed had no effect upon the attachment; that while the Smyths had a perfect right to convey their interest in this real estate on December 1, 1944, they could only convey such title as they had and at that time their interest therein was subject to the lien of the attachment levied thereon on August 4, 1943, and they state that section 76 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, par. 200; Jones Ill. Stats. Ann. 104.076] has no application to the facts in this case.

Counsel for appellees concede that the lien of the attachment became effective on August 4, 1943, but insist that the judgment of the circuit court rendered on May 25, 1944, in favor of the defendants in the absence of an effective appeal terminated and extinguished this attachment lien; that while appellee, Ray M. Sanders had been summoned as a garnishee in the original proceeding he was dismissed by the judgment of the circuit court and as no appeal was taken as to him he was a stranger to the proceedings

in the Appellate Court; that upon the rendition of the judgment on May 25, 1944, the proceeding was abandoned as to him inasmuch as no notice of appeal was ever served upon him; that appellee, Sue N. Sanders, was not a party to the original proceeding and was a stranger to the record in the circuit and appellate courts and therefore the decision of the Appellate Court could in no way be binding upon her; that no effective appeal was ever perfected as to these appellees; that they were not parties to the judgment of the circuit court rendered May 25, 1944, or to the judgment of the circuit court rendered in April 1946, and therefore section 76 of the Civil Practice Act applies as the facts disclosed by the pleadings create the exact situation which section 76 of the Civil Practice Act was intended to cover.

Among other things, section 76 of the Civil Practice Act provides that "where an appeal is perfected or allowed more than thirty days after entry of an order, decree, judgment or other determination in any action, . . . the reversal or modification of such . . . judgment . . . shall not affect the right, title or interest in or to any real . . . property of any person, not party to such action, acquired after the entry of such . . . judgment . . . but before such appeal operates as a supersedeas under the provisions of this Act." (Ill. Rev. Stat. 1945, ch. 110, par. 200 [Jones Ill. Stats. Ann. 104.076].)

In commenting on sections 76 and 82 of the Civil Practice Act [Ill. Rev. Stat. 1945, ch. 110, pars. 200, 206; Jones Ill. Stats. Ann. 104.076, 104.082] and section 32a of the Judgments Act [Ill. Rev. Stat. 1945, ch. 77, par. 35a; Jones Ill. Stats. Ann. 107.185] this court, in *Ancateau v. Commercial Casualty Ins. Co.*, 318 Ill. App. 553 at page 562 said: "These provisions are manifestly for the protection of persons not parties to the suit where no supersedeas has been issued. It is evident that when a judgment is in process of

an appeal it is not final, even though third persons, not parties to the action are protected thereby in rights they may acquire under it in the absence of a supersedeas. The protection is afforded such third persons only because of the fact that the judgment is not final, for if it were final, there would be no occasion for the protection. It is not conceivable that the legislature meant to protect third parties in rights acquired while no supersedeas was in operation, and at the same time subject them to an assault upon their existing rights during the same period.''

In *Cairo Lumber Co., Inc. v. Corwin,* 325 Ill. App. 319, it appeared that a debtor, Kate Ladenberger conveyed some real estate to her son and thereafter the plaintiff obtained judgment against the mother and brought suit against the mother and son to set aside the conveyance. Upon a hearing the circuit court dismissed the complaint. An appeal was perfected to the Supreme Court. The Supreme Court transferred the cause to the Appellate Court and that court reversed the decree of the trial court and held the conveyances were fraudulently made by the mother. While the cause was pending in the Supreme and Appellate Courts the son conveyed the property to one Maeva Smith and the instant suit was brought by the judgment creditor to set aside that conveyance and subject the real estate to its judgment against Kate Ladenberger. In affirming the decree of the lower court the Appellate Court called attention to the fact that the conveyances to Maeva Smith were made prior to the reversal of the decree of the lower court; that the appeal had not been made a supersedeas and that therefore under section 76 of the Civil Practice Act, Maeva Smith's title to the property was unaffected by the reversal of the decree of the trial court.

██ In the instant case the judgment of the circuit court in favor of the defendants, the Smyths, was rendered on May 25, 1944. That judgment dismissed

the garnishee Ray M. Sanders and its effect was to dissolve the attachment unless an appeal was taken. (4 Am. Jur. 926, sec. 623.) The appeal was perfected on November 17, 1944. The notice of appeal never operated as a supersedeas and under the provisions of section 76 of the Civil Practice Act the reversal thereafter of the judgment of the circuit court did not affect the title of appellees to the real estate acquired by them after May 25, 1944, unless they were parties to such action.

Ray M. Sanders had been summoned as garnishee. In the early case of *Cariker v. Anderson,* 27 Ill. 358 at page 364, it is stated that a garnishee is in no proper sense, a defendant in the suit of the plaintiff and cannot be called upon to defend against his claim. The object and design of the garnishee process is to subject the debt the garnishee may owe the debtor, or the property in the hands of the garnishee, to the payment of the amount due the plaintiff. The garnishee is theoretically a disinterested stakeholder between the contestants and if a judgment is obtained against the defendant it is no concern of the garnishee. If he owes the defendant or has property or effects belonging to him in his hands, it is a matter of indifference to him whether he pays the money or delivers the property to the defendant or to the plaintiff provided he is properly protected in making such payment or delivery. (*Pine Tree Lumber Co. v. Central Stock & Grain Exchange,* 238 Ill. 449, 451.)

Counsel for both parties cite and rely upon *First Nat. Bank of Jonesboro v. Road Dist. No. 8,* 389 Ill. 156. It appeared in that case that Road District No. 8 had deposited in a special account in the First National Bank of Jonesboro proceeds arising from the collection of taxes in 1915 and 1916 and subsequently instituted suit against the bank to recover the amount of its special deposit. Thereupon the First National Bank filed its complaint to restrain the Road District

from prosecuting its suit against the bank and prayed for a decree determining the ownership of the fund and directing disposition thereof. All of the various claimants to the fund were made parties defendant. On October 24, 1941, a final decree was entered permanently enjoining the prosecution of the suit at law and apportioning the funds and directing the bank to make distribution. Road District No. 8 perfected an appeal to the Supreme Court which transferred the cause to the Appellate Court of the Fourth District and that court being advised that the bank had made distribution in accordance with the decree of the trial court, dismissed the appeal, holding that inasmuch as no supersedeas had been granted the controversy involved in the appeal as to the ownership of the funds had become moot. The Supreme Court reversed the judgment of the Appellate Court and held that when the bank made distribution, and when the appellees accepted the same they took their chances of said decree being reversed and if said decree upon final disposition should be reversed, the appellees who had received, under the decree, monies to which they were not entitled, should be required to make restitution. The court referred to sections 76 and 82 of the Civil Practice Act and to section 32a of the Judgments Act and stated that they are expressly for the protection of persons not parties to the suit, but went on to state that no such protection is afforded the parties to the action as a party to a suit is presumed to know of all the errors in the record and such party cannot acquire any rights or interests based on such erroneous judgment or decree that will not be abrogated by a reversal thereof, and that titles acquired by parties to the record under an erroneous decree or judgment will be divested by its reversal.

Therefore unless it can be said that Ray M. Sanders was a party to this action, section 76

of the Civil Practice Act applies and the decree of the lower court must be affirmed. The reason why a party to the action was expressly excluded from the protection afforded strangers to the record by section 76 of the Civil Practice Act as stated in *First Nat. Bank of Jonesboro v. Road Dist. No. 8*, 389 Ill. 156, is that a party to a suit is presumed to know of all the errors in the record and such party cannot acquire any rights or interests based on such erroneous decree that will not be abrogated by a subsequent reversal thereof.

Rule 34 of the Supreme Court only requires a copy of the notice by which the appeal is perfected to be served upon a party who would be adversely affected by any reversal or modification of the judgment appealed from. The circuit court by its judgment disposed of the controversy between Strauss and the Smyths and discharged the garnishees one of whom was Ray M. Sanders. Strauss recognized that Ray M. Sanders would not be adversely affected by any reversal of the judgment of the circuit court and he was not made a party to the appeal. The suit as to him was abandoned. It will be noted that this court in reversing the judgment of the circuit court directed the trial court to reinstate the garnishees.

In the instant proceeding it cannot be presumed that Ray M. Sanders knew all the errors in the record in the case of *Strauss v. Smyth*. Under the authorities he was a disinterested stakeholder and it was no concern of his whether the judgment of the circuit court was affirmed or reversed. When the reason for a rule fails, the rule fails.

Upon this record appellees, in our opinion, were not parties to the Strauss-Smyth litigation within the meaning of section 76 of the Civil Practice Act and in dealing with the Smyths and completing their purchase on December 1, 1944, they did so unaf-

fected by the subsequent reversal of the Strauss-Smyth judgment. The decree of the circuit court is therefore affirmed.

*Decree affirmed.*