Western Pride Builders, Inc., a Corporation, Plaintiff-Appellee, v. Henry Koraska, et al., Together Constituting the Zoning Board of Appeals of the City of Berwyn, and the City of Berwyn, a Municipal Corporation, Defendants-Appellants.

Gen. No. 52,357.

First District, Second Division.

February 6, 1968.

Rehearing denied March 19, 1968.

Alan S. Ganz, and Pedersen & Houpt, of Chicago (Richard V. Houpt, Alan S. Ganz, and James K. Stucko, of counsel), for appellants.

Maurice J. Nathanson, of Chicago (Harry G. Fins, of counsel), for appellee.

MR. PRESIDING JUSTICE BURKE delivered the opinion of the court.

Appeal was taken by plaintiff to the City of Berwyn Zoning Board of Appeals from the refusal by the local Building Commissioner to issue a building permit. Plaintiff contended before the Zoning Board that it had a right to the issuance of a permit for the erection of a 22-unit, 3-story apartment building with English basement, inasmuch as an alleged zoning classification variation in 1928 changed the subject area from a "single-family dwelling" zoning classification to a "3-story building with English basement" classification. The Zoning Board, after extensive hearings on the question of the alleged variation,

found no such variation to have been enacted by the City Council in 1928, and denied plaintiff's request for "a 22-flat apartment building." Plaintiff prosecuted an appeal to the Circuit Court of Cook County under the provisions of the Administrative Review Act. The Circuit Court reversed the Board's order and ordered that the City of Berwyn "issue a building permit to plaintiff in accordance with plaintiff's application for such permit."

Defendants prosecute this appeal, maintaining that although the 1928 Berwyn City Council had the power to amend the zoning ordinance with respect to the matter here involved, the Council did not in fact exercise the power; that an enactment by the legislature in 1941, validating certain prior zoning ordinances and regulations of city councils, etc., throughout the State, did not serve to validate, and to raise to the level of an ordinance, the action taken by the Berwyn Zoning Board and City Council in 1928; that although the City of Berwyn published a zoning district map which represented the subject property as zoned "single-family dwelling" but as having been the subject of a variation at a later date, defendants are not estopped from denying the variation claimed by plaintiff; and that the Zoning Board had the authority to consider whether there had in fact been a legal variation in the zoning classification on the subject property.

The record discloses that in August 1928, the Berwyn Zoning Board of Appeals published a notice of public hearing to consider a request by the petitioners (plaintiff's predecessors in title) that the subject property be rezoned "to allow for the erection of a three-story and English basement apartment building, allowing the usual setback." It appears that the Zoning Board approved the request, notified the City Council of its decision, and recommended that the City Council allow the variation. At a meeting of the Council, the variation request and the Board's recommendation were presented, and a motion to

concur in the action of the Board was made, seconded and carried. Apart from a letter to the petitioners informing them of the action taken by the Board and the Council, it appears that no further action on the subject was taken by either body.

The zoning ordinance of the City of Berwyn in 1928 permitted amendments thereto only by ordinances duly passed by the City Council. The Zoning Board of Appeals was not then empowered nor in any way authorized to amend or vary existing zoning classifications.

In 1960, pursuant to Ill Rev Stats 1959, c 24, par 73–13, a revised zoning district map was published by the City of Berwyn representing the 1923 classification of the subject property as "single-family dwelling" but indicating that the property had been the subject of a subsequent variation or amendment.

We are in agreement with the contention of the defendants that, although the Berwyn City Council had power in 1928 to amend or vary the existing zoning classification on the subject property, it did not in fact exercise that power.

The 1921 Zoning Enabling Act of Illinois authorized cities, villages, etc., to adopt zoning ordinances and zoning classifications. Ill Rev Stats 1921, c 24, par 66. (See also Ill Rev Stats 1919, c 24, par 62c, and Ill Rev Stats 1921, c 24, par 70.) The Act provided in part that the local zoning board of appeals, which was to be created by local ordinance, would have the power to "recommend to the city Council . . . such ordinances or amendments as it may deem necessary or desirable, including power in specific cases . . . to recommend variations of the original ordinance or amendments thereto." Ill Rev Stats 1921, c 24, par 68. Paragraph 68 of the Act went on to declare that variations from or amendments to ordinances enacted under the terms of the Act shall be made only by ordinance. The legislature in 1923 amended the Act to permit the zoning board of appeals to grant variations

directly, rather than merely making recommendations to the local legislating body, if the latter so provided by ordinance. Ill Rev Stats 1923, c 24, par 68. The City of Berwyn's zoning ordinance, enacted in September 1923, did not grant the Berwyn Zoning Board the authority or power to grant variations, but simply empowered the Board to make recommendations to the City Council with respect to zoning variations and amendments.

The action of the 1928 Zoning Board was nothing more than a recommendation to the City Council that the zoning classification of the subject property be varied to a "3-story building with English basement" classification. The only action taken by the City Council after the Board made its recommendation was on the motion to concur in the said recommendation, without any formal ordinance having been presented to or passed by the Council. The action of the Council amounted to no more than the adoption of a resolution, which cannot substitute for the passage of a formal ordinance which is required by the zoning statute. Chicago & N. P. R. Co. v. City of Chicago, 174 Ill 439, 51 NE 596; Liberty Nat. Bank v. Metrick, 410 Ill 429, 432, 102 NE2d 308.

█ The Zoning Validation Act of 1941 did not serve to raise the actions of the 1928 Berwyn Zoning Board and City Council to the status of an ordinance. Ill Rev Stats 1941, c 24, par 73–10. The obvious purpose of the Act was to validate all imperfectly and improperly enacted ordinances and regulations relating to zoning. No attempt was made on the part of the Berwyn City Council in 1928 to enact an ordinance, variation or amendment with regard to the subject property to effect a change in its zoning classification, and consequently the Act could not validate that which was void or which did not exist. See People ex rel. Rhodes v. Miller, 392 Ill 445, 449, 64 NE2d 869.

■ In 1960 the City of Berwyn published a revised district zoning map pursuant to chapter 24, paragraph 73–13 of the Illinois Revised Statutes, which represented the 1923 zoning classification of the subject property as "single-family dwelling" but subject to a subsequent variation or amendment. Defendants are not estopped to deny the alleged variation claimed by plaintiff. The purely ministerial act on the part of a municipal employee in compiling relevant data and publishing a zoning district map cannot serve as the basis for an estoppel without a showing of reliance thereon and action induced thereby on the part of the adverse party, as well as a showing that it would be inequitable to permit the municipality to gain an unfair advantage by retracting that which it had done. Sinclair Refining Co. v. City of Chicago, 246 Ill App 152, 162. The record discloses no evidence that plaintiff was induced to act, to its detriment, on the information contained on the map, nor that the City was gaining an unfair advantage by denying the variation notation appearing thereon with respect to the subject property. It should also be pointed out that the statute requiring publication of zoning district maps provides only that the map reflect the local zoning classifications; the publication of the map does not constitute the passage of an ordinance giving validation, as variations, to such differences as may exist between the classifications appearing on the map and those existing under the local municipal zoning ordinances.

Plaintiff's citation of Hickey v. Illinois Cent. R. Co., 35 Ill2d 427, 220 NE2d 415, in support of its position that defendants are estopped to deny the alleged variation because of the existence of the zoning map is unavailing. The Hickey case involved lands near the lakefront on the near south side of Chicago over which the Illinois Central Railroad operates its trains. The Supreme Court denied

claims made by the City of Chicago and the State of Illinois to the fee title to these lands on the grounds that for some fifty years prior to the raising of these claims the respective governments disclaimed any interest in the lands, while the Railroad had acted upon the lands, entering leases and making conveyances throughout the entire period. This is clearly not the situation in the case at bar.

 Finally, we are of the opinion that the Zoning Board of the City of Berwyn acted within its power in considering whether the original 1923 Berwyn zoning ordinance had been the subject of a variation in 1928 as to the subject property. It was necessary that the Board investigate the nature of the purported variation before making its decision. Worthy of note is the fact that while plaintiff now maintains that the 1965 Zoning Board had no authority to decide whether the 1928 alleged variation was duly enacted, it was plaintiff who initiated the proceedings before the 1965 Board after the local Building Commissioner denied plaintiff's request for the building permit, requiring the Board to determine the question.

None of the cases cited by plaintiff in support of its position that the 1965 Zoning Board had no authority to look behind the action of the 1928 Board are in point. Plaintiff's argument, and the cases cited in support thereof, presume that the original 1928 Board action effected the result desired by the petitioners therefor, namely, a variation in the zoning classification of the subject property, and that the subsequent 1965 Board action was a collateral attack on the said prior action. As appears above, the sole function of the 1928 Zoning Board in this respect was to recommend changes to the City Council; it is difficult to understand how the action of the 1965 Board constituted a "collateral attack" on a mere recommendation.

The order of the Circuit Court is reversed and the cause is remanded with directions to enter an order affirming

the order of the Zoning Board of Appeals of the City of Berwyn denying plaintiff's request for issuance of a permit to erect a 22-unit, 3-story apartment building with English basement.

Order reversed and cause remanded with directions.

McNAMARA and LYONS, JJ., concur.