PITTSBURGH FEDERATION OF TEACHERS LOCAL 400, AMERICAN FEDERATION OF TEACHERS, AFL–CIO, and Bonnie Schlueter

v.

M. L. AARON et al.

Civ. A. No. 75–1392.

United States District Court,
W. D. Pennsylvania.

June 1, 1976.

Louis Kushner, Pittsburgh, Pa., for plaintiffs.

Justin Johnson, Pittsburgh, Pa., for defendants.

## OPINION

KNOX, District Judge.

The Pittsburgh Federation of Teachers, Local 400 has filed a complaint to determine the constitutionality of a resolution adopted by the Board of Public Education of the School District of Pittsburgh on October 21, 1975. The action is filed by the Federation on behalf of its members. An individual non-member Bonnie J. Schlueter, a resident of Westmoreland County, an applicant for employment with the Pittsburgh School District has joined therein. The evidence showed that at the time the suit was filed, she had applied for a position as librarian with the Pittsburgh School District but in view of the restrictions against hiring additional personnel imposed for eco-

nomic reasons, it was questionable when she might be extended an offer of employment.

On October 21, 1975, the School Board adopted a resolution as follows:

"WHEREAS, the Board of Public Education of the School District of Pittsburgh has deliberated the general question of residency of employees and has concluded that governmental purposes are served by the residency requirement hereinafter set forth, including but not limited to reduction in unemployment rates of inner-city citizens; enhancement of the quality of employee performance by greater personal knowledge of the conditions in the School District and by a feeling of greater personal stake in the School District's progress; diminution of absenteeism and tardiness among School District personnel; general economic benefits from local expenditure of employee salaries, including payment of local taxes; and educational benefits which are derived from residency by teachers, administrators and other employees in the district where they carry out their duties; NOW THEREFORE, BE IT

RESOLVED, That all persons who shall become employed by the School District of Pittsburgh in any capacity on and after November 1, 1975, shall reside within the territorial boundaries of said School District within three months of the time of employment and shall maintain such residency during the time when they are so employed; any such person who fails to maintain such residency during such period shall forfeit employment by said School District."

This complaint was filed October 30, 1975, and the defendants on November 24, 1975, filed a motion to dismiss for failure to state a cause of action pursuant to Rule 12(b)(6) FRCP.

On October 31, 1975, plaintiffs filed a motion for a preliminary injunction which was set down for hearing on November 14, 1975. At this time, a certain amount of testimony was taken including testimony from plaintiff Schlueter as well as others. In view of the doubts which the court had

as to standing of the plaintiff Federation to bring this suit and questions raised as to restrictions on intrastate travel versus interstate travel, testimony was also received from George Myers, one of the Federation's members who lived in West Virginia and who commuted daily to his employment as a teacher in the Pittsburgh School District and stated there were others in his situation who travelled interstate.

■ It is noted, however, that the resolution does not apply to Myers or to any other non-residents of Pennsylvania employed on November 1, 1975, or indeed to any teachers and members of plaintiff Federation employed on November 1, 1975, since it is only required that those employed on and after date of November 1, shall establish their residence within the territorial boundaries of the School District within three months of the time of employment and continuously maintain such residency thereafter during employment.

We have, however, had submitted to the court an affidavit by Albert Fondy, President of the plaintiff Federation, who states under date of March 11, 1976, that three members of the Federation have been hired by the school district subsequent to the passage of the residency resolution and are personally affected by the same, although it is not clear from the affidavit whether all three employees reside outside the City of Pittsburgh. One, Lora Davis is stated to reside in Monroeville.

In view of these affidavits indicating that members of the Federation are now being affected by the resolution, we hold that the plaintiff federation has standing to bring this suit. The standing of Bonnie G. Schlueter an applicant for employment with the school district to bring this suit has never been questioned.

■ In view of the fact that we have received matters outside the pleading and are considering them in disposition of the motion under 12(b)(6), we will treat the same as one for summary judgment under Rule 56 as well.

At the time this suit was filed and at the time of the hearing on the preliminary injunction, which was continued and never has been concluded and for which there is no necessity for conclusion, in view of the disposition we are making of the suit on the merits, there was some doubt about the validity of a residency resolution such as this. Under *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600 (1969), it appeared to the court that perhaps a resolution of this nature would abridge the freedom of travel, one of the privileges and immunities of United States citizens as first recognized by the Supreme Court in *Crandall v. Nevada*, 6 Wall. 35, 18 L.Ed. 745 (1867).

■ Certainly if Pennsylvania law provided that Pennsylvania employers should employ none but residents of Pennsylvania such a law would have to be stricken down as abridging the privileges and immunities of United States citizens and denying equal protection of laws.

Since the hearing on November 14, 1975, however, it has become crystal clear that there is no doubt about the general validity of residency requirement ordinances and resolutions such as that involved here and that the same cannot be considered unconstitutional as violating the right of travel. There had originally been some doubt about residential requirements for municipal employment. In *Detroit Police Officers Assn. v. City of Detroit*, 405 U.S. 950, 92 S.Ct. 1173, 31 L.Ed.2d 227 (1972) the United States Supreme Court upheld the decision of the Supreme Court of Michigan that such an ordinance was constitutional by dismissing the appeal for lack of substantial federal question.

This raised a question as to whether a dismissal by the Supreme Court for want of a substantial federal question was an adjudication on the merits which would be binding on all other courts. In *Wardwell v. Cincinnati School District* the Sixth Circuit upheld a residency requirement of a school district (529 F.2d 625, 1976) holding that the Detroit case was an adjudication on the merits.

The matter was finally laid to rest on March 22, 1976, when the United States Supreme Court decided per curiam the case of *McCarthy v. Philadelphia Civil Service Commission*, 424 U.S. 645, 96 S.Ct. 1154, 47 L.Ed.2d 366, 44 Law Week 3530.

The court said:

"We have not, however, specifically addressed the contention made by appellant in this case that his constitutionally recognized right to travel interstate as defined in *Shapiro v. Thompson*, 394 U.S. 618, 89 S.Ct. 1322, 22 L.Ed.2d 600; *Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274, and *Memorial Hospital v. Maricopa County*, 415 U.S. 250, 94 S.Ct. 1076, 39 L.Ed.2d 306, is impaired. Each of those cases involved a statutory requirement of residence in the State for at least one year before becoming eligible either to vote, as in Shapiro, or to receive welfare benefits, as in Dunn and Memorial Hospital. Neither in those cases, nor in any others, have we questioned the validity of a condition placed upon municipal employment that a person be a resident at the time of his application. In this case appellant claims a constitutional right to be employed by the city of Philadelphia while he is living elsewhere. There is no support in our cases for such claim.

"We have previously differentiated between a requirement of continuing residency and a requirement of prior residency of a given duration. Thus in *Shapiro, supra*, 394 U.S. at 636, 89 S.Ct. [1322, at 1332] 22 L.Ed.[2d 600 at 616], we stated '[t]he residence requirement and the one-year waiting-period requirement are distinct and independent prerequisites.' And in *Memorial Hospital, supra*, 415 U.S. at 254–255, 94 S.Ct. at 1081, 39 L.Ed.2d at 313, quoting *Dunn, supra*, 405 U.S. at 342 n. 13, 92 S.Ct. at 1003, 31 L.Ed.2d at 284, the Court explained that Shapiro and Dunn did not question 'the validity of appropriately defined and uniformly applied bona fide residence requirements.'

"This case involves that kind of bona fide continuing residence requirement. The judgment of the Commonwealth Court of Pennsylvania is therefore affirmed."

It is noted that the Philadelphia case in which the Supreme Court of Pennsylvania was affirmed (339 A.2d 634, 1975) involved a case of a fireman who moved his residence from Philadelphia to New Jersey and therefore involves interstate travel as well as the less well recognized right of intrastate travel involved in *Wardwell,* supra.

The resolution of the Pittsburgh School Board is much more limited than the ordinances and resolutions previously considered by the courts. There is no requirement that all teachers in the Pittsburgh School District shall become residents of Pittsburgh within a period of time, which would involve uprooting numerous families, nor is there any requirement that an applicant for employment with the district be a resident at the time of application or for any period of time prior thereto. The resolution does not apply to persons employed on November 1, 1975, and as to applicants for employment on and after that date the only requirement is that they shall acquire such residency and maintain the same beginning three months after the time of employment. In other words, anyone who applies for employment with the School District after November 1, 1975, does so with the knowledge that such requirement will be applied to him or her and if necessary should consider the need to move before filing an application or entering upon employment.

The resolution further well documents the reasons for its passage. While these purposes in the case of school teachers may not be as pressing as those for policemen and firemen who may be called at any time for immediate duty in case of emergencies, nevertheless we cannot say that the purposes of personal knowledge of conditions in the school district, a feeling of greater personal stake in the district and diminution of absenteeism and tardiness are entirely irrational.

For these reasons, the court feels impelled to dismiss the action for failure to state a claim upon which relief can be granted and to enter summary judgment for the defendant.