

# The Attorney General of Texas

December 22, 1982

MARK WHITE
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711- 2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

1607 Main St., Suite 1400
Dallas, TX. 75201-4709
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002-6986
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Robert Bernstein, M.D., F.A.C.P.
Commissioner of Health
Texas Department of Health
1100 West 49th Street
Austin, Texas   78756

Opinion No. MW-538

Re:  Proof of Texas residenc
required before Department o
Health may spend appropriate
funds to treat individual

Dear Dr. Bernstein:

You have requested our opinion as to the constitutionality of
rider to the current general appropriations act. The rider provides:

> e.  ADMISSION AND DEPORTATION OF NONRESIDENTS
> AND ALIENS.  (1) None of the moneys appropriated
> to the Department of Health and Department of
> Mental Health and Mental Retardation may be
> expended for the training or medical treatment,
> except in emergencies of any student or patient
> who is not a citizen or resident of this state.
> For the purpose of this provision, affidavits from
> two reputable persons shall be deemed adequate
> evidence of citizenship or residency.  (Emphasis
> added).

Acts 1981, 67th Leg., ch. 875, §2e(1), at 3604. The term
"citizenship" and "residency" as they appear in this rider ar
equivalent with domicile. See Arredondo v. Brockette, 648 F.2d 42
(5th Cir. 1981).

In Memorial Hospital v. Maricopa County, 415 U.S. 250 (1974), th
United States Supreme Court considered an Arizona statute whicl
required any indigent, in order to be eligible for free non-emergenc
medical care, to have been a county resident for the preceding twelv
months.  The court held that a durational residency requiremen
violates the equal protection clause of the United States Constitutio
because it creates an invidious classification, not justified by ;
compelling state interest, that impinges on the right to travel b
denying newcomers to the state the basic necessities of life.  41
U.S. at 261-62.  The court made clear that it was not invalidating al
residency requirements, but merely holding the one-year waiting perio
overbroad to accomplish its avowed purpose:

> A mere residence requirement would accomplish the objective of limiting the use of public medical facilities to bona fide residents of the county without sweeping within its prohibitions those bona fide residents who had moved into the state within the qualifying period.

Id. at 267. The court noted that less drastic means, not impinging on the right of interstate travel, were available to ascertain an individual's intention with regard to residency. Id.

In Andre v. Board of Trustees of Village of Maywood, 561 F.2d 48 (7th Cir. 1977), cert. denied, 434 U.S. 1013 (1978), the Court of Appeals for the Seventh Circuit, in upholding a residency requirement for municipal employees, declared:

> All residency restrictions have an effect on the right to interstate travel, but only those residency restrictions which can be characterized as 'durational' have been found to unconstitutionally impinge or penalize the right to travel, in the absence of some compelling state interest. Durational residency requirements classify residents into groups of residents who have fulfilled the residency requirements and those who have not.... Bona fide residency requirements as continuing conditions of municipal employment rest upon footings significantly different from those of durational residency requirements.

561 F.2d at 52. See also McCarthy v. Philadelphia Civil Service Comm'n., 424 U.S. 645 (1976); Wright v. City of Jackson, Mississippi, 506 F.2d 900 (5th Cir. 1975).

Finally, in Arredondo v. Brockette, 482 F. Supp. 212 (S.D. Tex. 1979), aff'd, 648 F.2d 425 (5th Cir. 1981), the court upheld a Texas statute which provided that, if a student lived apart from his parents, he was required, in order to establish residency, to show that his presence in the school district was not for the primary purpose of attending the public free schools. Although the statute permitted the board of trustees to act as the sole arbiter in determining whether an applicant for admission was in fact a resident of the district, the court held:

> the Texas statute only attempts to articulate a residency definition and in no way contains a durational residency requirement.

482 F. Supp. at 218. The court concluded that the statute did not burden the right of interstate travel, and that, therefore, the

rational basis test, rather than the compelling state interest test, was applicable, and that the statute was justified by a compelling state interest. Id. at 218.

In our opinion, the rider at issue here, since it imposes no durational residency requirement, must also be judged by the rational basis test. Like the statute in Arredondo, it merely "attempts to articulate a residency definition." The state clearly has an interest in preventing the use of its facilities without charge by non-residents. We conclude that the rider is not violative of the equal protection clause of the federal constitution.

You also ask whether the State Board of Health may prescribe the contents of the affidavits authorized by the rider and may define the phrase "two reputable persons." It is well settled that an administrative body may enact rules and regulations where necessary to accomplish the purpose of a statute. Gulf Land Company v. Atlantic Refining Company, 131 S.W.2d 73 (Tex. 1939); Allstate Insurance Company v. State Board of Insurance, 401 S.W.2d 131 (Tex. Civ. App. - Austin 1966, writ ref'd n.r.e.). We believe that the Board of Health is authorized to enact reasonable regulations prescribing the contents of the affidavits and defining the phrase "two reputable persons." Of course, such regulations may not themselves impose any restrictions which would violate the equal protection clause.

On the other hand, the rules of an administrative body must be in harmony with the general objectives of a statute. Jefco, Inc. v. Lewis, 520 S.W.2d 915 (Tex. Civ. App. - Austin 1975, writ ref'd). In our view, since the rider clearly states that "affidavits from two reputable persons shall be deemed adequate evidence" of residency, the Board of Health is not authorized to enlarge upon this provision by requiring independent evidence that an applicant for program benefits is legally present within this state. The rider indicates the intent of the legislature that the requisite affidavits shall constitute "adequate evidence."

## S U M M A R Y

A requirement that free non-emergency medical treatment be made available only to bona fide residents of the state is not violative of the equal protection clause of the United States Constitution.

Very truly yours,

MARK   WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Rick Gilpin
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Chairman
Jon Bible
Rick Gilpin
Patricia Hinojosa
Jim Moellinger
George Warner
Bruce Youngblood