Robert Bernstein, M.D., F.A.C.P. Commissioner of Health Texas Department of Health 1100 West 49th Street Austin, Texas 78756
Re: Proof of Texas residency required before Department of Health may spend appropriated funds to treat individual
Dear Dr. Bernstein:
You have requested our opinion as to the constitutionality of a rider to the current general appropriations act. The rider provides:
 e. ADMISSION AND DEPORTATION OF NONRESIDENTS AND ALIENS. (1) None of the moneys appropriated to the Department of Health and Department of Mental Health and Mental Retardation may be expended for the training or medical treatment, except in emergencies of any student or patient who is not a citizen or resident of this state. For the purpose of this provision, affidavits from two reputable persons shall be deemed adequate evidence of citizenship or residency. (Emphasis added).
Acts 1981, 67th Leg., ch. 875, § 2e(1), at 3604. The terms `citizenship' and `residency' as they appear in this rider are equivalent with domicile. See Arredondo v. Brockette, 648 F.2d 425 (5th Cir. 1981).
In Memorial Hospital v. Maricopa County, 415 U.S. 250
(1974), the United States Supreme Court considered an Arizona statute which required any indigent, in order to be eligible for free non-emergency medical care, to have been a county resident for the preceding twelve months. The court held that a durational residency requirement violates the equal protection clause of the United States Constitution because it creates an individious classification, not justified by a compelling state interest, that impinges on the right to travel by denying newcomers to the state the basic necessities of life. 415 U.S. at 261-62. The court made clear that it was not invalidating all residency requirements, but merely holding the one-year waiting period overbroad to accomplish its avowed purpose:
 A mere residence requirement would accomplish the objective of limiting the use of public medical facilities to bona fide residents of the county without sweeping within its prohibitions those bona fide residents who had moved into the state within the qualifying period.
Id. at 267. The court noted that less drastic means, not impinging on the right of interstate travel, were available to ascertain an individual's intention with regard to residency. Id.
In Andre v. Board of Trustees of Village of Maywood,561 F.2d 48 (7th Cir. 1977), cert. denied, 434 U.S. 1013
(1978), the Court of Appeals for the Seventh Circuit, in upholding a residency requirement for municipal employees, declared:
 All residency restrictions have an effect on the right to interstate travel, but only those residency restrictions which can be characterized as `durational' have been found to unconstitutionally impinge or penalize the right to travel, in the absence of some compelling state interest. Durational residency requirements classify residents into groups of residents who have fulfilled the residency requirements and those who have not. . . . Bona fide residency requirements as continuing conditions of municipal employment rest upon footings significantly different from those of durational residency requirements.
561 F.2d at 52. See also McCarthy v. Philadelphia Civil Service Comm'n., 424 U.S. 645 (1976); Wright v. City of Jackson, Mississippi, 506 F.2d 900 (5th Cir. 1975).
Finally, in Arrendondo v. Brockette, 482 F. Supp. 212
(S.D.Tex. 1979), aff'd, 648 F.2d 425 (5th Cir. 1981), the court upheld a Texas statute which provided that, if a student lived apart from his parents, he was required, in order to establish residency, to show that his presence in the school district was not for the primary purpose of attending the public free schools. Although the statute permitted the board of trustees to act as the sole arbiter in determining whether an applicant for admission was in fact a resident of the district, the court held:
 the Texas statute only attempts to articulate a residency definition and in no way contains a durational residency requirement.
482 F. Supp. at 218. The court concluded that the statute did not burden the right of interstate travel, and that, therefore, the rational basis test, rather than the compelling state interest test, was applicable, and that the statute was justified by a compelling state interest. Id. at 218.
In our opinion, the rider at issue here, since it imposes no durational residency requirement, must also be judged by the rational basis test. Like the statute in Arredondo, it merely `attempts to articulate a residency definition.' The state clearly has an interest in preventing the use of its facilities without charge by non-residents. We conclude that the rider is not violative of the equal protection clause of the federal constitution.
You also ask whether the State Board of Health may prescribe the contents of the affidavits authorized by the rider and may define the phrase `two reputable persons.' It is well settled that an administrative body may enact rules and regulations where necessary to accomplish the purpose of a statute. Gulf Land Company v. Atlantic Refining Company, 131 S.W.2d 73 (Tex. 1939); Allstate Insurance Company v. State Board of Insurance, 401 S.W.2d 131 (Tex.Civ.App.-Austin 1966, writ ref'd n.r.e.). We believe that the Board of Health is authorized to enact reasonable regulations prescribing the contents of the affidavits and defining the phrase `two reputable persons.' Of course, such regulations may not themselves impose any restrictions which would violate the equal protection clause.
On the other hand, the rules of an administrative body must be in harmony with the general objectives of a statute. Jefco, Inc. v. Lewis, 520 S.W.2d 915
(Tex.Civ.App.-Austin 1975, writ ref'd). In our view, since the rider clearly states that `affidavits from two reputable persons shall be deemed adequate evidence' of residency, the Board of Health is not authorized to enlarge upon this provision by requiring independent evidence that an applicant for program benefits is legally present within this state. The rider indicates the intent of the legislature that the requisite affidavits shall constitute `adequate evidence.'
 SUMMARY
A requirement that free non-emergency medical treatment be made available only to bona fide residents of the state is not violative of the equal protection clause of the United States Constitution.
Very truly yours,
 Mark White Attorney General of Texas
 John W. Fainter, Jr. First Assistant Attorney General
 Richard E. Gray III Executive Assistant Attorney General
 Prepared by Rick Gilpin Assistant Attorney General