In the

# United States Court of Appeals

## For the Seventh Circuit

———————————

No. 16-4151

MILWAUKEE POLICE ASSOCIATION, MICHAEL V. CRIVELLO, and JOSEPH A. ANDERER,

*Plaintiffs-Appellants,*

*v.*

CITY OF MILWAUKEE,

*Defendant-Appellee.*

———————————

Appeal from the United States District Court for the
Eastern District of Wisconsin.
No. 16-CV-1118 — **J. P. Stadtmueller**, *Judge.*

———————————

ARGUED APRIL 4, 2017 — DECIDED MAY 3, 2017

———————————

Before WOOD, *Chief Judge*, and KANNE and ROVNER, *Circuit Judges*.

KANNE, *Circuit Judge*. The Milwaukee Police Association and officers Michael V. Crivello and Joshua A. Anderer challenge a provision in Milwaukee's corporate charter requiring all law enforcement, fire, and emergency personnel to reside within fifteen miles of city limits.

Milwaukee's corporate charter previously required all city employees to live within city limits. But in 2013, the Wisconsin legislature passed a statute prohibiting local governments from imposing a residency requirement as a condition of employment. Wis. Stat. § 66.0502(3)(a) (2013). The statute, however, allows a local government to "impose a residency requirement on law enforcement, fire, or emergency personnel that requires such personnel to reside within 15 miles of the jurisdictional boundaries of the local governmental unit." Wis. Stat. § 66.0502(4)(b).

After the statute passed, Milwaukee refused to follow it. Milwaukee instead passed a resolution announcing its intent to enforce its original residency requirement, citing the Wisconsin Constitution's home-rule provision as authority. Wis. Const. art. XI, § 3(1). The police association filed suit, arguing that the City could not enforce the residency requirement under the home-rule provision. The Wisconsin Supreme Court agreed. *Black v. City of Milwaukee*, 882 N.W.2d 333, 342–50 (Wis. 2016). Four weeks later, the City amended its corporate charter to require all law enforcement, fire, and emergency personnel to reside within fifteen miles of city limits—a requirement consistent with the Wisconsin statute. The City gave affected employees six months from the date that the amended charter became effective to comply.[1] If compliance within that timeframe proved impossible, affected employees could petition the Milwaukee Board of Fire and Police Commissioners for an extension or a temporary hardship exception.

---

[1] Employees actually had nearly ninth months to comply. The amendment passed on July 26, 2016, but became effective on October 11, 2016. The six-month compliance window started from the latter date.

The plaintiffs then sued. They claimed that the Wisconsin statute gives them a vested right to live outside of the City and that Milwaukee's new residency requirement for law enforcement, fire, and emergency personnel—adopted three years after the Wisconsin statute became effective—violates that right. Specifically, the plaintiffs brought a claim under § 1983, alleging that the City violated the Fourteenth Amendment's Due Process Clause, and a claim under the Wisconsin Constitution's related provision, Article I, § 1. The district court granted the City's motion for judgment on the pleadings. This appeal followed.

To start, the plaintiffs conflate vested rights, which are protected by procedural due process, with substantive-due-process rights. They labelled their § 1983 claim "Violation of Substantive Due Process (Property Right)" but claimed that the City deprived them of property without due process of law. (R. 1 at 9.) If the plaintiffs are arguing that the amended charter violates their substantive-due-process rights, we can dispose of the claim quickly. Substantive due process "provides heightened protection against government interference with certain fundamental rights and liberty interests." *Sung Park v. Ind. Univ. Sch. of Dentistry*, 692 F.3d 828, 832 (7th Cir. 2012) (quoting *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997)). But the list of fundamental rights and liberty interests is short. *Id.* And municipal employees do not have a fundamental right to be free from residency requirements. *See McCarthy v. Phila. Civil Serv. Comm'n*, 424 U.S. 645, 645–46 (1976); *Gusewelle v. City of Wood River*, 374 F.3d 569, 578 (7th Cir. 2004).

If, on the other hand, the plaintiffs are arguing that the amended charter violates procedural due process by retroac-

tively depriving them of a vested right, we have rejected a similar argument before. *Andre v. Bd. of Trs. of Vill. of Maywood*, 561 F.2d 48, 50–51 (7th Cir. 1977). In *Andre*, the village passed an ordinance requiring certain municipal employees to reside within village limits as a condition of employment. The previous ordinance had allowed employees to work for the village despite being nonresidents. The employees claimed that the new ordinance violated their vested right to live outside of the village, a right that the original ordinance had allegedly created. We rejected that argument for two reasons: first, the statute did not create a vested right, and second, the ordinance applied only prospectively.

The same analysis applies here. Under Wisconsin law, "[a] legislative enactment is presumed not to create 'contractual or vested rights but merely declares a policy to be pursued until the legislature shall ordain otherwise.'" *Madison Teachers, Inc. v. Walker*, 851 N.W.2d 337, 379 (Wis. 2014) (quoting *Nat'l R.R. Passenger Corp. v. Atchison, Topeka & Santa Fe Ry. Co.*, 470 U.S. 451, 466 (1985)). Unless a statute's language clearly expresses the state's intent to bind itself, a statute does not create a vested right. *Id.* at 380.

Although the statute here abolishes residency requirements generally, it does not create a vested right for law enforcement, fire, and emergency personnel to live wherever they want. Quite the opposite, it grants local governments the authority to adopt a fifteen-mile radius requirement for those employees. We could not plausibly say that the plaintiffs have a vested right when the statute expressly allows the right to be taken away in this manner. *Lands' End, Inc. v. City of Dodgeville*, 881 N.W.2d 702, 716 (Wis. 2016) (defining a "vested right" as one that is "so far perfected that it cannot

be taken away by statute"). No employee covered by the new residency requirement could have moved, and no new employee could have accepted a job, after Wisconsin passed its statute but before Milwaukee amended its corporate charter and reasonably expected to be free from a residency requirement forever. At most, the plaintiffs had a "right" to live where they wanted, contingent upon the City not enacting a residency requirement. And that interest does not amount to a vested right. *Andre*, 561 F.2d at 51.

Second, as was the case in *Andre*, the residency requirement does not apply retroactively. A statute applies retroactively if it "attaches new legal consequences to events completed before its enactment." *Landgraf v. USI Film Prods.*, 511 U.S. 244, 270 (1994). And here, the statute does not. The amended corporate charter does not penalize those employees who live outside of the fifteen-mile radius "for having so resided in the past." *Andre*, 561 F.2d at 51. Instead, the amended charter requires only that all law enforcement, fire, and emergency personnel live within fifteen miles of city limits as a condition of continued employment. Simply put, the residency requirement applies only prospectively and attaches no legal consequences to any employee's residency before the amendment.

The plaintiffs fare no better under the Wisconsin Constitution. Under the Wisconsin Constitution, state conduct violates a person's substantive-due-process rights "if the conduct 'shocks the conscience … or interferes with rights implicit in the concept of ordered society.'" *Black*, 882 N.W.2d at 352 (quoting *State ex rel. Greer v. Wiedenhoeft*, 845 N.W.2d 373, 386 (Wis. 2014)). The Wisconsin Supreme Court rejected a similar substantive-due-process claim in *Black*. In addition to

challenging the original residency requirement's state constitutionality, the police association argued in *Black* that the City's continued enforcement of the original residency requirement violated its Fourteenth Amendment substantive-due-process rights. The court concluded that the continued enforcement of the original residency requirement neither shocked the conscience nor deprived the association of a fundamental right or liberty. *Id.* at 352–54.

Although the association in *Black* made its substantive-due-process argument under the federal constitution rather than under the Wisconsin Constitution, because the constitutions "provide substantively similar due process guarantees," the outcome here is no different. *In re Mental Commitment of Christopher S.*, 878 N.W.2d 109, 121 n.18 (Wis. 2016). And the plaintiffs cannot distinguish this claim from that in *Black*. Indeed, the substantive-due-process arguments are the same at their cores: whether enforcement of a residency requirement after the legislature passed Wisconsin Statute § 66.0502 violates the respective plaintiffs' substantive-due-process rights.

Likewise, any procedural-due-process claim also fails under the Wisconsin Constitution. Under Wisconsin law, retroactive legislation that affects a vested right must satisfy due process. *Neiman v. Am. Nat'l Prop. & Cas. Co.*, 613 N.W.2d 160, 164 (Wis. 2000). The plaintiffs want us to apply the balancing test that the Wisconsin Supreme Court has adopted for determining if a statute violates procedural due process. *Id.* at 164–65; *Martin by Scoptur v. Richards*, 531 N.W.2d 70, 88–89 (Wis. 1995). But that argument misses the point: a statute only implicates the Wisconsin Constitution's due-process guarantee if it retroactively affects a vested right.

*Neiman*, 613 N.W.2d at 164. And as discussed above, the plaintiffs do not have a vested right in being free from a residency requirement and the amended charter does not apply retroactively.

For those reasons, the district court's decision is AFFIRMED.